**GUST ROSENFELD P.L.C.**
201 E. Washington, Suite 800
Phoenix, AZ  85004-2327
(602) 257-7422
Richard A. Segal - 000877
rasegal@gustlaw.com

**Attorneys for** Plaintiff POURfect Products,
a division of DYCE LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| POURfect Products, a division of DYCE LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KitchenAid, a division of Whirlpool Corporation, a Delaware corporation,<br><br>Defendant. | No.  2:09-cv-02660-GMS<br><br>**FIRST AMENDED COMPLAINT**<br><br>**and**<br><br>**REQUEST FOR JURY TRIAL** |

Plaintiff alleges as follows:

### COUNT ONE
### Antitrust Violation

1. This complaint is filed and this action is instituted against the defendant under Section 2 of the Act of Congress of July 2, 1890, 15 U.S.C. § 2, as amended and supplemented, commonly known as the Sherman Act, and Sections 4 and 16 of the Act of Congress of October 15, 1914, 15 U.S.C. §§ 15 and 26, as amended and supplemented, commonly known as the Clayton Act.

2. The purpose of this action is to recover damages against defendant for injuring the plaintiff, which injury proximately resulted from defendant's violation of the antitrust laws of the United States, and to restrain and enjoin defendant from continuing the illegal monopoly in restraint of trade and commerce to the injury of plaintiff.

RAS:cls 1147351 5/13/2010                        -1-

3.      The defendant transacts business and is found within the District.

4.      Plaintiff POURfect Products ("POURfect") is a division of DYCE LLC, an Arizona limited liability company.  Defendant KitchenAid is a division of Whirlpool Corporation, a Delaware corporation doing business in Arizona and authorized to do business in Arizona.

5.      KitchenAid manufactures and sells, among other products, KitchenAid planetary stand mixers ("PSMs") directly to consumers and through retail outlets in interstate commerce throughout the United States and in many foreign countries. KitchenAid sells approximately 2,000,000 PSMs annually.  It is estimated that there are over 25,000,000 KitchenAid PSMs in domestic or household use.

6.      KitchenAid sells replacement attachments for its PSMs directly to consumers and through retailers.

7.      Kitchen Aid sells approximately 80% of the PSMs in the United States, and approximately 90% of replacement beaters for KitchenAid PSMs.  KitchenAid has market power to exclude competition in the aftermarket for KitchenAid PSM attachments in all states of the United States.

8.      This market power is based on KitchenAid's relationships with retailers and its ability to affect supplies and prices, all with respect to a product—the KitchenAid PSM—that is popular with consumers.

9.      POURfect produces and sells aftermarket beaters for KitchenAid PSMs under the name "Scrape-A-Bowl."  Scrape-A-Bowl beaters offer convenience and efficiency to KitchenAid PSM users by eliminating a separate manual operation in the mixing process.

10.     In early 2009, POURfect had existing and prospective contracts with retailers to supply Scrape-A-Bowl beaters to be sold as aftermarket attachments for KitchenAid PSMs.  These contracts would have resulted in sales by POURfect to

retailers in an amount not less than of $8,000,000 , in 2010, and for similar amounts in subsequent years.  The retailers included Williams-Sonoma (with approximately 265 locations in the United States), Bed, Bath and Beyond (with approximately 1100 locations in the United States), Kohl's (with approximately 1100 locations in the United States) and Macy's (with approximately 850 locations in the United States).

11.     In May 2009, KitchenAid exploited its market power by advising its trade customers, *i.e.*, retailers, including Williams Sonoma, Bed, Bath and Beyond, Kohl's and Macy's, that "bowl-scraper accessories" may shorten the life of the KitchenAid PSM motor and cause damage that would be excluded from warranty coverage. KitchenAid represented to the trade customers that it had conducted tests that showed that the use of bowl-scraper beaters caused motor temperatures to exceed those allowed under Underwriters Laboratories' requirements.  The tests performed by KitchenAid did not conform to the Underwriters Laboratories requirements and did not fairly test the bowl-scraper beaters in a manner generally representative of actual service conditions. KitchenAid made these representations to its trade customers knowing that attachments supplied by KitchenAid, including the dough hook, grain mill, meat grinder, and ice cream maker, caused greater motor loads than did Scrape-A-Bowl beaters under actual service conditions.  KitchenAid had issued no warnings to its trade customers and customers regarding any disadvantages or hazards from the use of attachments supplied by KitchenAid even though they caused greater motor loads than Scrape-A-Bowl beaters under actual service conditions.

12.     By providing false and misleading information regarding Scrape-A-Bowl beaters, KitchenAid acted with a specific intent to destroy competition and to exclude POURfect from the retail market for KitchenAid PSM attachments.  Because KitchenAid knew that its statements were false, its conduct was predatory and anti-competitive and was directed at accomplishing the destruction of competition.

1  KitchenAid's conduct created a dangerous probability of achieving monopoly power
2  over the KitchenAid PSM aftermarket attachment market.  KitchenAid's conduct
3  eliminated or restricted the ability of KitchenAid PSM owners to buy aftermarket
4  attachments and caused antitrust injury to plaintiff by depriving plaintiff of profits it
5  would have received in a competitive market.

6        13.     By virtue of its influence over its trade customers at the retail level of the
7  market, KitchenAid possessed monopoly power in the relevant market of aftermarket
8  attachments.  KitchenAid willfully acquired and maintained that monopoly power.
9  KitchenAid's conduct caused antitrust injury to plaintiff by depriving plaintiff of profits
10  it would have received in a competitive market.

11        14.     KitchenAid's false advice to retailers has persisted and has resulted in
12  continuously depriving KitchenAid PSM owners of access to POURfect's Scrape-A-
13  Bowl beaters through established retail outlets.  KitchenAid's statements regarding
14  POURfect products were clearly false; actual experience confirms that the use of
15  Scrape-A-Bowl beaters is not harmful to KitchenAid PSMs.  The false statements that
16  POURfect's products will harm KitchenAid PSMs are clearly material to a KitchenAid
17  PSM owner or retailer.  Such statements are clearly likely to induce reasonable reliance
18  by retailers and have, in fact, done so.  The statements were made to retailers who are
19  without knowledge of the technical aspects of KitchenAid misrepresentations.
20  POURfect is without practical means to neutralize KitchenAid's false statements by
21  convincing the retailers to disregard them.

22        15.     As a result of KitchenAid's monopolization and attempt to monopolize, as
23  alleged above, there has been harm to competition in the relevant market, which has
24  caused POURfect's loss of profits it would have otherwise received in an amount not
25  less than $6,000,000.

26  . . .

16. Entrenched buyer preferences for the KitchenAid PSM and the high cost of establishing new retail outlets are barriers to POURfect's entry into the aftermarket for KitchenAid PSM attachments in the United States.

17. POURfect is entitled to an injunction permanently enjoining KitchenAid from continuing the monopolization and attempt to monopolize in violation of Section 2 of the Sherman Act (15 U.S.C. § 2).

WHEREFORE, POURfect prays:

1. That KitchenAid be found to have violated Section 2 of the Sherman Act (15 U.S.C. § 2).

2. That judgment be entered against KitchenAid for treble the amount of damages suffered by POURfect in accordance with Section 4 of the Clayton Act (15 U.S.C. § 15).

3. That KitchenAid be permanently enjoined from continuing the monopolization of the market and attempt to monopolize the market for aftermarket beater attachments for KitchenAid planetary stand mixers.

4. That POURfect be awarded its costs of suit and reasonable attorney fees as required by Section 4 of the Clayton Act (15 U.S.C. § 15), and simple interest on actual damages for the period beginning on the date of service of this complaint on KitchenAid and ending on the date of judgment, as permitted by Section 4 of the Clayton Act (15 U.S.C. § 15).

5. That POURfect have such other and further relief as the court deems equitable and proper.

. . .

### COUNT TWO
### State Law Claim for Product Disparagement

18.     KitchenAid manufactures and sells, among other products, KitchenAid planetary stand mixers ("PSMs") directly to consumers and through retail outlets in interstate commerce throughout the United States and in many foreign countries. KitchenAid sells approximately 2,000,000 PSMs annually.  It is estimated that there are over 25,000,000 KitchenAid PSMs in use.

19.     KitchenAid sells aftermarket attachments for its PSMs directly to consumers and through retailers.

20.     POURfect produces and sells aftermarket beaters for KitchenAid PSMs under the name "Scrape-A-Bowl."  Scrape-A-Bowl beaters offer convenience and efficiency to Kitchen PSM users by eliminating a separate manual operation in the mixing process.

21.     In early 2009, POURfect had existing and prospective contracts with retailers to supply Scrape-A-Bowl beaters to be sold as aftermarket attachments for KitchenAid PSMs.  These contracts would have resulted in sales by POURfect to retailers in an amount not less than $8,000,000 in 2010 and for similar amounts in subsequent years.  The retailers included Williams-Sonoma (with approximately 265 locations in the United States), Bed, Bath and Beyond (with approximately 1100 locations in the United States), Kohl's (with approximately 1100 locations in the United States) and Macy's (with approximately 850 locations in the United States).

22.     In May 2009, KitchenAid exercised its market power by advising its trade customers, *i.e*., retailers, that "bowl-scraper accessories" may shorten the life of the PSM motor and cause damage that would be excluded from warranty coverage. KitchenAid represented to the trade customers that it had conducted tests that showed that the use of bowl-scraper beaters caused motor temperatures to exceed those allowed

1 under Underwriters Laboratories' requirements.  The tests performed by KitchenAid did
2 not conform to the Underwriters Laboratories requirements and did not fairly test the
3 bowl-scraper beaters in a manner generally representative of actual service conditions.
4 KitchenAid made these representations to its trade customers knowing that attachments
5 supplied by KitchenAid, including the dough hook, grain mill, meat grinder, and ice
6 cream maker, caused greater motor loads than did Scrape-A-Bowl beaters under actual
7 service conditions.  KitchenAid had issued no warnings to its trade customers and
8 customers regarding any disadvantages or hazards from the use of attachments supplied
9 by KitchenAid even though they caused greater motor loads than Scrape-A-Bowl
10 beaters under actual service conditions.

11     23.    KitchenAid's false statements regarding bowl-scraper attachments were
12 made with the intent to implicate POURfect's Scrape-A-Bowl beaters.  These
13 statements constituted product disparagement of POURfect's Scrape-A-Bowl beaters.

14     24.    KitchenAid's false statements regarding POURfect's Scrape-A-Bowl
15 beaters were made with knowledge of their falsity and with intent to deprive POURfect
16 of sales.  KitchenAid's conduct warrants an award of punitive damages.

17     25.    As a result of KitchenAid's disparagement of POURfect's products,
18 POURfect lost and will continue to lose a large number of sales and a large amount of
19 profits from those sales, in an amount within the subject matter jurisdiction of this court.

20     WHEREFORE, POURfect prays:

21     1.    That judgment be entered against KitchenAid for the amount of
22 POURfect's compensatory and punitive damages proved at trial.

23     2.    That POURfect be awarded its costs of suit.

24     3.    That POURfect have such other and further relief as the court
25 deems equitable and proper.

26 . . .

# COUNT THREE
## State Law Claim for Interference with Contractual Relations

26. KitchenAid manufactures and sells, among other products, KitchenAid planetary stand mixers ("PSMs") directly to consumers and through retail outlets in interstate commerce throughout the United States and in many foreign countries. KitchenAid sells approximately 2,000,000 PSMs annually. It is estimated that there are over 25,000,000 KitchenAid PSMs in use.

27. KitchenAid sells aftermarket attachments for its PSMs directly to consumers and through retailers.

28. POURfect produces and sells aftermarket beaters for KitchenAid PSMs under the name "Scrape-A-Bowl." Scrape-A-Bowl beaters offer convenience and efficiency to Kitchen PSM users by eliminating a separate manual operation in the mixing process.

29. In early 2009, POURfect had existing and prospective contracts with retailers to supply Scrape-A-Bowl beaters to be sold as aftermarket attachments for KitchenAid PSMs. These contracts would have resulted in sales by POURfect to retailers in an amount not less than $8,000,000 in 2010 and for similar amounts in subsequent years. The retailers included Williams-Sonoma (with approximately 265 locations in the United States), Bed, Bath and Beyond (with approximately 1100 locations in the United States), Kohl's (with approximately 1100 locations in the United States) and Macy's (with approximately 850 locations in the United States).

30. In May 2009, KitchenAid exercised its market power by advising its trade customers, *i.e.*, retailers, that "bowl-scraper accessories" may shorten the life of the PSM motor and cause damage that would be excluded from warranty coverage. KitchenAid represented to the trade customers that it had conducted tests that showed that the use of bowl-scraper beaters caused motor temperatures to exceed those allowed

Case 2:09-cv-02660-GMS   Document 16   Filed 05/13/10   Page 9 of 10

1  under Underwriters Laboratories' requirements.  The tests performed by KitchenAid did
2  not conform to the Underwriters Laboratories requirements and did not fairly test the
3  bowl-scraper beaters in a manner generally representative of actual service conditions.
4  KitchenAid made these representations to its trade customers knowing that attachments
5  supplied by KitchenAid, including the dough hook, grain mill, meat grinder, and ice
6  cream maker, caused greater motor loads than did Scrape-A-Bowl beaters under actual
7  service conditions.  KitchenAid had issued no warnings to its trade customers and
8  customers regarding any disadvantages or hazards from the use of attachments supplied
9  by KitchenAid even though they caused greater motor loads than Scrape-A-Bowl
10 beaters under actual service conditions.

11      31.    KitchenAid's false statements regarding bowl-scraper attachments were
12 made with the intent to include POURfect's Scrape-A-Bowl beaters.

13      32.    KitchenAid's false statements regarding POURfect's Scrape-A-Bowl
14 beaters were made with knowledge of their falsity and with intent to deprive POURfect
15 of sales.  KitchenAid's conduct warrants an award of punitive damages.

16      33.    At the time of KitchenAid's communications with its trade customers,
17 KitchenAid knew that POURfect had contractual relations with some of those trade
18 customers and the expectancy of contractual relations with other trade customers.
19 KitchenAid's communications with trade customers regarding POURfect's products
20 were intended by KitchenAid to cause a termination of the relationship or expectancy of
21 a relationship between trade customers and POURfect.  As a result of the disruption of
22 the relationships and expectancies, POURfect has been damaged in the amount of its
23 unrealized profits from those relationships.

24          WHEREFORE, POURfect prays:

25      1.    That judgment be entered against KitchenAid for the amount of
26 POURfect's compensatory and punitive damages proved at trial.

RAS:cls 1147351 5/13/2010                    -9-

2. That POURfect be awarded its costs of suit.

3. That POURfect have such other and further relief as the court deems equitable and proper.

Dated: May 13, 2010.

                                  GUST ROSENFELD P.L.C.

                                  By   s/ Richard A. Segal #000877
                                      Richard A. Segal
                                      Attorneys for Plaintiff